## ARKANSAS MEDICAL SOCIETY *v.* ARKANSAS MEDICAL SOCIETY

84-301                                                                 695 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered September 23, 1985

*Gibson Law Office*, by: *Charles S. Gibson*, for appellant.

*Cearley, Mitchell & Roachell*, by: *Michael W. Mitchell*, for appellee.

DARRELL HICKMAN, Justice. Although this would appear to be a suit by the Arkansas Medical Society against itself, it is in fact a dispute between a society composed of over 2,000 doctors of medicine and osteology, which has existed as a legal entity in Arkansas since 1929, and a newly formed non-profit corporation by the same name. The newer organization is composed of health professionals, including nurse-practitioners, nurse-midwives, midwives, and physician assistants, and its purpose is to study and promote "low-cost practical approaches to health care, non-medical, . . . non-surgical approaches to health care when appropriate, . . . good health practices through education programs," and similar purposes. The trial court approved the incorporation of the newer organization under the same name as the doctors' organization.

■ The conflict arose because the doctors' organization had not filed its articles of incorporation with the Secretary of State. In 1929, when the appellee was incorporated, that was not necessary. See Ark. Stat. Ann. § 64-1301 et seq. (Repl. 1957). This is not to say that the appellee had no right to legal protection of its name.

The trial court allowed the doctors' organization to intervene in the proceeding after incorporation. After a hearing, the trial court made the following finding:

> I don't think that it would be proper for two societies to be operating in the State of Arkansas under the same name. I think it would be confusing. I think it would be against the intentions of the legislature because the legislature has passed various acts which authorizes the original Arkansas Medical Society to make certain selections for various committees and boards. . . . the legislature, in this

Court's opinion, intended for the old Arkansas Medical Society to make those selections. If I allow two non-profit corporations to exist in this state under the same name would be chaos. . .

The court ordered the newer society to change its name within 30 days or its newly granted charter would be revoked. It appeals alleging three arguments for reversal of the trial court's order: that the court was wrong in allowing the appellee to intervene, that the appellee failed to prove any actual deception, and that the court exceeded its jurisdiction in revoking the charter.

██ The trial court acted within its discretion under ARCP Rule 60 which provides:

> (b) Ninety-Day Limitation. To correct any error or mistake or to prevent the miscarriage of justice, a decree or order of a circuit, chancery or probate court may be modified or set aside on motion of the court or any party, with or without notice to any party, within ninety days of its having been filed with the clerk.

As the trial court observed, there are at least two Arkansas statutes that permit the Arkansas Medical Society to select nominees to state health boards. See Ark. Stat. Ann. § 82-101 (Supp. 1983) and Ark. Stat. Ann. § 72-602 (Repl. 1979). Obviously, both societies cannot make such appointments and, just as obviously, the Arkansas legislature intended that the appellee make those nominations since the appellant was not in existence when the laws were passed. The articles of incorporation of the appellant even mention that one of its purposes is to "provide the Governor of the State of Arkansas with recommendations of qualified persons to be appointed to any state agency, department or board as provided by law." The trial court was right when it said that the two societies could not co-exist. It was exercising its prerogative under ARCP Rule 60 in changing its order to correct an obvious mistake.

██ Since the court had that prerogative even without the appellee's participation, the arguments concerning intervention and lack of proof of actual deception are meritless. The court did not exceed its jurisdiction because it did not revoke the charter of the appellant; it gave the appellant thirty days to change its name.

12

Affirmed.

PURTLE, J., not participating.